UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
NAOMI BEHAR-MORSE, as mother and legal
guardian of K.M., a minor,

                      Plaintiff,

      -against-

ASIANA AIRLINES, INC.,

                    Defendant(s).
-----------------------------------------------------------------x

**Civil Action No.**

**COMPLAINT &
JURY TRIAL DEMAND**

The Plaintiff, NAOMI BEHAR-MORSE, as mother and legal guardian of K.M., a minor, by her attorneys, BOHRER & LUKEMAN, as and for her Complaint against Defendant, ASIANA AIRLINES, INC. ("Asiana"), alleges the following upon information and belief:

1.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sec. 1331, insofar as a federal question is presented pursuant to the Convention for the Unification of Certain Rules for International Carriage by Air done at Montreal on May 28, 1999 (hereinafter "the Montreal Convention").

2.      Venue is proper in this judicial district pursuant to 28 U.S.C. Sec. 1391, insofar as the Defendant, ASIANA AIRLINES, INC., has offices and transacts business in the Eastern District of New York.

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. Sec. 1391, insofar as a substantial part of the events or omissions giving rise to this claim occurred within the Eastern District of New York.

4.      Plaintiff is a citizen, national, and resident of the United States living in Hewlett Neck, New York.  Her daughter, K.M., is also a citizen, national, and resident of the United States living in Hewlett Neck, New York.

5.     Defendant Asiana is a foreign corporation authorized to do business in the State of New York.

6.     The travel of Plaintiff and K.M. pursuant to the contract of carriage which forms the basis for this cause of action originated and concluded in the State of New York.

7.     At the time of the events complained of herein, Defendant Asiana was a common carrier engaged in the business of transporting passengers for hire by air.

8.     In furtherance of said business, Defendant Asiana operates regularly scheduled commercial airline flights to and from the City and State of New York.

9.     On or about April 17, 2019, Defendant operated and controlled a certain jet aircraft designated as Asiana Flight 221 from John F. Kennedy International Airport, Jamaica, New York (JFK) to Incheon Airport, Seoul, South Korea (ICN).  ("the subject flight").

10.    On or about April 17, 2019, K.M. was a fare-paying passenger lawfully aboard the subject aircraft and subject flight.

11.    On or about April 17, 2019, and for some time prior thereto, Defendant owned, serviced, maintained, repaired and/or operated the subject aircraft.

12.    On or about April 17, 2019, on the subject flight, Defendant employed a flight crew.

13.    Said flight crew were employees, agents, contractors, and/or servants of Defendant.

14.    Defendant was responsible for the training, management, supervision, and/or control of said flight crew aboard the subject flight, including but not limited to, the crew's adherence to standard safety policies and protocol.

15.    At all times subject to herein, K.M. suffered from a food allergy, specifically to nuts and seeds.

16.    Prior to the subject flight, Defendant, its employees, agents, contractors, and/or

servants were warned that K.M. suffered from a food allergy, specifically to nuts and seeds.

17.　　At all times subject to herein, Defendant, its employees, agents, contractors, and/or servants were aware that K.M. suffered from a food allergy, specifically to nuts and seeds.

18.　　During the course of the subject flight, Defendant its employees, agents, contractors, and/or servants served K.M. food that contained nuts and/or seeds.

19.　　During the course of the subject flight, Defendant its employees, agents, contractors, and/or servants negligently, carelessly, and/or recklessly served K.M. food that contained nuts and/or seeds.

20.　　As a result, K.M. had an adverse reaction to the ingestion and/or inhalation of nuts and/or seeds.

21.　　As a result of the negligence, carelessness, and/or recklessness of Defendant, its employees, agents, contractors, and/or servants, K.M. was injured.

22.　　In so negligently, carelessly and recklessly injuring K.M., Defendant breached its duty of care to the Plaintiff and her infant and violated its own practices and procedures.

23.　　The aforesaid adverse reaction to nuts and/or seeds and the consequential injuries suffered by Plaintiff's infant K.M. were the result of an accident, or an unexpected or unusual event or occurrence external to Plaintiff's infant K.M., and not from her internal reaction to the normal operation of the aircraft.

24.　　As a result of said accident, Plaintiff's infant K.M. was injured.

25.　　As a result of said accident, Plaintiff's infant K.M. was seriously injured.

26.　　As a result of said accident, Plaintiff's infant K.M. was permanently injured.

27.　　As a result of said accident, Plaintiff's infant K.M. suffered great pain, agony and mental anguish, and in the future will continue to suffer from same.

28.     As a result of said accident, K.M. was required to undergo painful medical treatment and it is believed that K.M. will require medical treatment in the future.

29.     As a result of said accident, K.M. was deprived of her enjoyment of life, pursuits and interests and in the future shall continue to be deprived of same.

30.     As a result of said accident, Plaintiff suffered economic loss and in the future shall continue to suffer from same.

31.     As a result of the foregoing, Defendant is liable to pay full, fair and reasonable damages to Plaintiff pursuant to the Montreal Convention.

32.     Defendant cannot meet its burden of proving that its negligence did not cause or contribute to the accident, and to K.M.'s resultant injuries.

33.     Defendant cannot meet its burden of proving that K.M.'s injuries were caused solely by the acts of third parties.

**WHEREFORE**, Plaintiff, NAOMI BEHAR-MORSE, as mother and legal guardian of K.M., a minor demands judgment against Defendant, ASIANA AIRLINES, INC., in an amount to be determined at trial, together with interest, costs and disbursements of this action.

## JURY DEMAND

Plaintiff demands a jury of eight (8) persons for all claims stated.

Dated:   New York, New York
         September 18, 2019

                                              **BOHRER & LUKEMAN**

                                              _____
                                              Abram I. Bohrer, Esq. (AB 4336)
                                              *Attorney for Plaintiff*
                                              5 Columbus Circle, Suite 1501
                                              New York, NY  10019
                                              Tel. No.: (212) 406-4232