UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

NAOMI BEHAR-MORSE, as mother and legal guardian of K.M., a minor,

                                Plaintiff,

-against-

ASIANA AIRLINES, INC.,

                                Defendant.

-----------------------------------------------------------X

Case No.: 1:19-cv-5330 (WFK)(ST)

**ANSWER**

      Asiana Airlines, Inc. ("Asiana"), by and through its attorneys, Clyde & Co US LLP, as and for its Answer to plaintiff's Complaint, states as follows:

      1.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint, and leaves all questions of law to be decided by the Court.

      2.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint, except admits that Asiana has offices and transacts business in the Eastern District of New York, and leaves all questions of law to be decided by the Court.

      3.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint, and leaves all questions of law to be decided by the Court.

      4.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

      5.     Admits the allegations in paragraph 5 of the Complaint.

      6.     Admits the allegations in paragraph 6 of the Complaint.

7. Admits the allegations in paragraph 7 of the Complaint.

8. Admits the allegations in paragraph 8 of the Complaint.

9. Admits the allegations in paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11. Admits the allegations in paragraph 11 of the Complaint.

12. Admits the allegations in paragraph 12 of the Complaint.

13. Admits the allegations in paragraph 13 of the Complaint.

14. Admits the allegations in paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

19. Denies the allegations in paragraph 19 of the Complaint.

20. Denies the allegations in paragraph 20 of the Complaint.

21. Denies the allegations in paragraph 21 of the Complaint.

22. Denies the allegations in paragraph 22 of the Complaint.

23. Denies the allegations in paragraph 23 of the Complaint.

24. Denies the allegations in paragraph 24 of the Complaint.

25. Denies the allegations in paragraph 25 of the Complaint.

26. Denies the allegations in paragraph 26 of the Complaint.

27. Denies the allegations in paragraph 27 of the Complaint.

28. Denies the allegations in paragraph 28 of the Complaint.

29. Denies the allegations in paragraph 29 of the Complaint.

30. Denies the allegations in paragraph 30 of the Complaint.

31. Denies the allegations in paragraph 31 of the Complaint.

32. Denies the allegations in paragraph 32 of the Complaint.

33. Denies the allegations in paragraph 33 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

34. The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

35. The transportation out of which the subject matter of this action arose was "international carriage" within the meaning of a treaty of the United States known as the Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal on 28 May 1999, ICAO Doc. No. 9740 (entered into force November 4, 2003), reprinted in S. Treaty Doc. 106-45, 1999 WL 33292734 (hereinafter "Montreal Convention"), and the rights and liabilities of the parties are governed exclusively by the provisions the Montreal Convention.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

36. Asiana is not liable for plaintiff's or KM's alleged injuries because some or all of plaintiff's injuries were not caused by an "accident" within the meaning of Article 17 of the Montreal Convention.

## AS AND FOR A FOURTH
## AFFIRMATIVE DEFENSE

37. Pursuant to Article 21 of the Montreal Convention, Asiana's tariffs and conditions of carriage as set forth in the relevant contract of carriage, and/or other applicable law, Asiana is not liable to plaintiff or KM for the loss or damage described in the Complaint or its liability, if any, is limited to an aggregate sum or provable damages not in excess of 113,100 Special Drawing Rights (SDRs).

## AS AND FOR AN FIFTH
## AFFIRMATIVE DEFENSE

38. Pursuant to the Montreal Convention and/or other applicable law, Asiana shall be wholly or partly exonerated from liability for the loss or damage described in the Complaint because the alleged loss or damage was caused or contributed to by the negligence or culpable conduct of plaintiff or KM.

## AS AND FOR A SIXTH
## AFFIRMATIVE DEFENSE

39. The alleged damages complained of were not proximately caused by any culpable conduct on the part of Asiana.

## AS AND FOR A SEVENTH
## AFFIRMATIVE DEFENSE

40. Plaintiff's and KM's state law claims against Asiana, if any, are completely preempted by the Montreal Convention, or by federal law, including the Federal Aviation Act of 1958 as amended (P.L. 5-726, 72 Stat. 731, formerly codified as 49 U.S.C. §1301 *et seq.* now recodified and incorporated into 49 U.S.C. §40101 *et seq.*), and 49 U.S.C. §41713.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

41.     Plaintiff's and KM's damages, if any, were caused and brought about by an intervening and superseding cause and were not caused by Asiana or any person or entity for whom Asiana is responsible.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

42.     Plaintiff and KM failed to mitigate their damages, if any, and they are therefore barred from recovering any such damages from Asiana.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

43.     Asiana asserts that if it is liable to plaintiff or KM, which liability Asiana expressly denies, then Asiana is entitled to a set-off for all settlements/benefits and/or collateral sources received by plaintiff or KM.

WHEREFORE, Asiana demands judgment dismissing the Complaint in its entirety or, alternatively, judgment limiting its liability pursuant to the foregoing, together with attorneys' fees, costs, disbursements and such other and further relief as this Court deems just and proper.

Dated: New York, New York
       December 12, 2019

CLYDE & CO US LLP

By: _____
Christopher Carlsen
Nicholas Magali
The Chrysler Building
405 Lexington Avenue, 16th Floor
New York, New York 10174
(212) 710-3900

                                        Attorneys for Defendant
                                        Asiana Airlines, Inc.

To:    Abram I. Bohrer, Esq.
        Bohrer & Lukeman
        5 Columbus Circle, Suite 1501
        New York, New York 10019
        (212) 406-4232

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

NAOMI BEHAR-MORSE, as mother and legal guardian of K.M., a minor,

                              Plaintiff,

-against-

ASIANA AIRLINES, INC.,

                              Defendant.

-----------------------------------------------------------------X

Case No.: 1:19-cv-5330 (WFK)(ST)

**CERTIFICATE OF SERVICE**

I hereby certify that on December 12, 2019, a copy of the foregoing **ANSWER** was electronically filed and served on the following counsel of record:

Abram I. Bohrer, Esq.
Bohrer & Lukeman
5 Columbus Circle, Suite 1501
New York, New York 10019

Michelle Mullen
CLYDE & CO US LLP
The Chrysler Building
405 Lexington Avenue, 16th Floor
New York, New York 10174
(212) 710-3900